IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD ALLAN BUCK,<br><br>                Plaintiff,<br><br>v.<br><br>CESAR PARRA, MICHAEL C. DAVIS, KATHLEEN RILEY, STEPHEN KIRONT, BARRY KIRONT, and DAVID SCHRAGER,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:13-CV-343 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on several motions, namely Defendants Stephen Kiront, Barry Kiront, and David Schrager's (the "Kiront Defendants") Motion to Dismiss for Lack of Jurisdiction,[1] Defendants Cesar Parra ("Dr. Parra"), Michael C. Davis ("Mr. Davis"), and Kathleen Riley's ("Ms. Riley") Motions to Dismiss for Lack of Jurisdiction Or, in the Alternative, to Transfer Venue,[2] Plaintiff Edward Allan Buck's ("Mr. Buck") Motions to Strike,[3] Plaintiff's Motion for a Hearing,[4] Plaintiff's Motion for Default Judgment against certain Defendants[5] and cross-Motions for Sanctions.[6] For the reasons stated below, the Court will deny

---

[1] Docket No. 6.

[2] Docket Nos. 4, 8.

[3] Docket Nos. 31, 33, 34.

[4] Docket No. 42.

[5] Docket No. 30.

[6] Docket Nos. 28, 32.

1

both parties' motions for sanctions, grant Defendants' motions to dismiss, deny Plaintiff's remaining motions, and dismiss this case.

## I.  FACTUAL BACKGROUND

Plaintiff Edward Allan Buck is a resident of the State of Utah and operates a professional horse and rider education business known as Sympathetic Horsemanship.

Defendant Cesar Parra is an equestrian trainer and competitor who operates Piaffe Performance Farms, located in New Jersey.  Dr. Parra is a resident of the State of New Jersey.  He does not transact any business within the State of Utah.

Defendant Kathleen Riley is employed by Dr. Parra and is a resident of New Jersey.  She owns no property in Utah and has never conducted business in Utah.

Defendant Michael C. Davis is a resident of the Commonwealth of Massachusetts and the President and Chief Executive Officer of a large seafood distribution company located in Pembroke, Massachusetts.  Mr. Davis owns homes in New Jersey and Florida.  He does not own any real property within the State of Utah.  Mr. Davis does not personally engage or transact any business within the State of Utah.  He does not hold any money in any bank accounts in Utah.  Mr. Davis has never been to the State of Utah.  Mr. Davis's daughter competes in the equine sport of dressage and trains with Dr. Parra at Piaffe Performance Farms.

Defendants Stephen Kiront, Barry Kiront, and David Schrager are officers and promoters for Apex Stables International, Inc. ("Apex Stables"), which is incorporated in Delaware and headquartered at Performance Farms in New Jersey.  Plaintiff does not allege that the Kiront Defendants are residents of Utah nor does Plaintiff allege that the Kiront Defendants have any contacts with the State of Utah.

In 2012, Mr. Buck filed a complaint with the Hunterdon County Sheriff, in Hunterdon County, New Jersey against Dr. Parra (the "New Jersey litigation") for "extreme animal abuse arising from deceptive trade practices and fraud."[7] That complaint was subsequently dismissed and Dr. Parra was cleared of the alleged animal cruelty charges in New Jersey.[8] The complaint was predicated on an incident in 2009 involving injuries to a horse owned by Trudy Miranda ("Ms. Miranda"). Ms. Miranda brought a civil action against Dr. Parra in 2012 alleging negligence arising out of Dr. Parra's training of Ms. Miranda's horse.[9] Mr. Buck was supposed to appear as an expert witness on behalf of Ms. Miranda but failed to appear at trial.[10]

In 2012, Mr. Davis made statements to a Florida resident reporter defending Mr. Parra from allegations of animal cruelty.[11] These statements were published over the Internet on the Florida-based online news source, *Dressage-News.com*.[12] Mr. Buck alleges Mr. Davis's statements were defamatory against Mr. Buck.[13] The article in *Dressage News* did not identify Mr. Buck by name.[14] Mr. Davis has never met with or spoken with Mr. Buck.[15] Mr. Davis denies all allegations against him by Mr. Buck.

---

[7] Docket No. 3 ¶ 8.

[8] *Id.* ¶ 15.

[9] *Id.* ¶ 13.

[10] Docket No. 4 ¶ 13.

[11] Docket No. 4 Ex. 1 ¶¶ 9–10.

[12] *Id.*

[13] Docket No. 3 ¶¶ 54–69.

[14] Docket No. 4 Ex. 6.

3

In March 2012, Dr. Parra and Ms. Riley separately released statements on the Ontario, Canada-based equestrian social media website, *Barnmice.com*, in response to allegations of animal cruelty alleged in the New Jersey litigation. Mr. Buck claims these statements constituted defamatory remarks that impugned his integrity and reputation within the equestrian industry.

Mr. Buck brought this suit on May 15, 2013. Mr. Buck asserts various claims against Defendants including business defamation, libel, slander, and deceptive trade practices in violation of the Federal Trade Commission Act, 15 U.S.C. § 45.

## II. STANDARD OF REVIEW

All Defendants have moved to dismiss this case for lack of personal jurisdiction. It is the plaintiff's burden to establish personal jurisdiction.[16] That burden can be met by a prima facie showing where the issue is raised early in litigation, based on pleadings and affidavits.[17] Allegations in a complaint must be taken as true if they are uncontroverted by defendant's affidavits.[18] If a conflict does exist between the parties' affidavits, all factual disputes are resolved in the plaintiff's favor.[19]

The Tenth Circuit holds that "[t]o obtain personal jurisdiction over a nonresident defendant in a diversity action, (1) a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and (2) that the exercise of jurisdiction does not offend the due process

---

[15]Docket No. 4 Ex. 1 ¶ 8.

[16]*Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[17]*Id.*

[18]*Id.*

[19]*Id.*

4

clause of the Fourteenth Amendment."[20]  Under the laws of this forum state, the Utah Supreme Court has held that, "whether personal jurisdiction exists over a nonresident defendant depends exclusively on the requirements of the Fourteenth Amendment because 'any set of circumstances that satisfies due process will also satisfy [Utah's] long-arm statute.'"[21]  Thus, it is only necessary for this Court to determine whether personal jurisdiction is permissible under the due process clause of the Fourteenth Amendment.

Due process under the Fourteenth Amendment requires that the defendant have "certain minimum contacts [with the forum state] . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[22]  This two-part analysis begins first with determining whether the defendant has sufficient minimum contacts with the forum state.  Minimum contacts sufficient for jurisdiction are established through either (1) general jurisdiction, which requires an out-of-state defendant to have substantial and continuous contacts with the forum state, or (2) specific jurisdiction, which requires an out-of-state defendant to purposefully direct his activities at the resident forum state and that the plaintiff's injuries arise out of defendant's forum-related activities.[23]

---

[20]*Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999).

[21]*Utah ex rel. W.A.*, 63 P.3d 607, 612 (Utah 2002).

[22]*Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

[23]*Shrader*, 633 F.3d at 1239.

If minimum contacts are established, the court then moves onto the second part of the due process analysis to determine if exercising jurisdiction will offend "traditional notions of fair play and substantial justice."[24]

### III. DISCUSSION

A. MINIMUM CONTACTS

1. GENERAL JURISDICTION

"General jurisdiction is based on an out-of-state defendant's substantial and continuous contacts with the forum state and does not require that the claim be related to those contacts."[25] Defendants have no such contacts with the State of Utah. Mr. Davis, Dr. Parra, and Ms. Riley have never personally engaged or transacted any business within the State of Utah. They do not hold any money in any bank account in Utah. Mr. Davis has never been in the State of Utah. If the Kiront Defendants have any ties to Utah whatsoever, Plaintiff has failed to allege them.

At most, the online *Dressage News* and *Barnmice.com* articles are contacts with the State of Utah only because the articles can be viewed from Utah through the Internet. However, this is not enough to establish general jurisdiction. "'[E]xercising personal jurisdiction is not appropriate when the Internet use involves a passive Web site that does little more than make information available to those who are interested in it. Under these circumstances, a defendant

---

[24]*Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987).

[25]*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078 (10th Cir. 2008).

has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions.'"[26] The Court cannot find general jurisdiction on the facts alleged.

    2. SPECIFIC JURISDICTION

Specific jurisdiction arises when an out-of-state defendant "'purposefully direct[s]' its activities at the residents of the forum state and . . . the plaintiff's injuries 'arise out of' defendant's forum-related activities."[27] This case involves allegedly defamatory statements published in an online news article. The online nature of the allegedly tortious conduct requires specific jurisdiction to be analyzed in the Internet context.

The Kiront Defendants are officers and promoters for Apex Stables, which is incorporated in Delaware and headquartered at Performance Farms in New Jersey. Plaintiff does not allege that the Kiront Defendants are residents of Utah nor does Plaintiff allege that the Kiront Defendants have any minimum contacts with the State of Utah. Indeed, Plaintiff alleges that Dr. Parra is in a secret business relationship called Apex Stables and that company is not registered with the Secretary of State for New Jersey. Plaintiff also alleges that Apex Stables and the Kiront Defendants are involved in deceptive trade practices which "may or may not involve the movement of monies received by Defendants Cesar Parra."[28] The Court finds that Plaintiff has not alleged sufficient facts to establish personal jurisdiction over the Kiront Defendants and will therefore grant the Kiront Defendants' Motion to Dismiss.

---

[26]*Soma*, 196 F.3d at 1296 (quoting *Patriot Sys., Inc. v. C-Cubed Corp.*, 21 F. Supp. 2d 1318, 1323–24 (D. Utah 1998)).

[27]*Shrader*, 633 F.3d at 1239 (quoting *Dudnikov*, 514 F.3d at 1071).

[28]Docket No. 3 ¶ 14.

Plaintiff alleges that Mr. Davis, Dr. Parra, and Ms. Riley made statements through online sources that were accessible in Utah and caused harm to Mr. Buck in Utah. Mr. Buck argues that jurisdiction is proper under *Calder v. Jones*.[29] *Calder* involved an allegedly defamatory article written and edited by two Florida residents that was published in *The National Enquirer*, a national publication. The Supreme Court held that jurisdiction was proper in California "based on the effects of their Florida conduct in California."[30] The Court concluded that California was the focal point both of the story and the harm suffered based on the fact that the article (1) concerned the California activities of a California resident, (2) impugned the professionalism of an entertainer whose television career was centered in California, and (3) was drawn from California sources.[31] Furthermore, the publication had a large circulation in the Plaintiff's home state where defendants knew "the brunt of [the] injury would be felt by [plaintiff] in the State in which she lives and works."[32]

Mr. Buck argues that Mr. Davis, like the defendants in *Calder*, "was fully aware that his statements would have a brunt negative affect upon the Plaintiff both at a national level and within the State of Utah wherein the Plaintiff resides."[33] Plaintiff further argues that Dr. Parra's

---

[29] 465 U.S. 783 (1984).

[30] *Id.* at 789.

[31] *Id.* at 788–89.

[32] *Id.* at 790.

[33] Docket No. 5 ¶ 6.

8

and Ms. Riley's actions were "calculated to cause injury to Plaintiff in the State of Utah and especially throughout the national and international dressage communities."[34]

Mr. Buck's reliance on *Calder* is misplaced because, unlike the plaintiff in *Calder*, Mr. Buck is not the direct subject and target of the *Dressage-News* article. In fact, Mr. Buck was not even named in the article. While Mr. Buck was named in the *Barnmice* article, neither the article, nor any of Parra's or Riley's conduct was deliberately directed at Utah. The word Utah is not mentioned in the *Barnmice* article.

As the Tenth Circuit explained in *Shrader v. Biddinger*, "the internet operates in every state regardless of where the user is physically located, potentially rendering the territorial limits of personal jurisdiction meaningless."[35] Thus, the Tenth Circuit adopted the approach of placing emphasis on "the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there."[36] This "express aiming requirement is consistent with the Supreme Court's decision in *Calder* to deal with the somewhat analogous question of specific jurisdiction based on content in nationally distributed print media."[37]

Applying *Calder* in the Internet context, the Tenth Circuit in *Shrader* held that, "posting allegedly defamatory comments or information on an internet site does not, without more,

---

[34]*Id.* at ¶ 5.

[35]633 F.3d at 1240.

[36]*Id.*

[37]*Id.* at 1241.

subject the poster to personal jurisdiction wherever the posting could be read (and the subject of the posting may reside)."[38] Rather, "the forum state itself must be the focal point of the tort."[39]

The defendants in *Shrader* challenged personal jurisdiction in an action involving an allegedly defamatory email that was posted on an Internet forum. The email was written by one of the defendants explaining the dissolution of a business partnership between himself and the plaintiff, which was subsequently posted on an Internet forum by another defendant. The court's analysis in determining whether the email posted on the Internet subjected its writer to Oklahoma jurisdiction serves as relevant guidance in the present case.

Concluding that Oklahoma was not the focal point of the tort, the court looked to several facts. First, the host Internet forum targeted a trading community that had no particular tie to Oklahoma. Second, the content of the email was about the plaintiff's work product, which included books and courses for market traders. Nothing about the nature of the plaintiff's work was inherently linked to Oklahoma; "his professional reputation in the trading community was not tied to Oklahoma, as Ms. Jones' was to the California entertainment industry in *Calder*."[40] Finally, the court acknowledged that the plaintiff in *Shrader* "suffered harm in Oklahoma in the sense that he incurred harm and resided in Oklahoma when he did so, but . . . plaintiff's residence in the forum state, and hence suffering harm there, does not alone establish personal jurisdiction over a defendant who has not purposefully directed his activities at the state."[41]

---

[38]*Id.*

[39]*Id*. at 1244.

[40]*Id*. at 1245.

[41]*Id.*

10

Quite similarly, the present case lacks activities that were purposefully directed at this forum state. Specifically, Mr. Davis's comments were made to a Florida reporter, who then published his statements in a Florida-based online news source. Dr. Parra's and Ms. Riley's statements were made through an equestrian social media website that does not specifically target Utah but instead markets to the equestrian industry at large.

Like *Shrader*, these news sources target a particular online community that, while national in scope, have no inherent ties to Utah. Mr. Buck's professional horse and rider education business is not inherently linked to Utah, unlike, for example, an entertainment professional who is linked to the entertainment industry in California.

Finally, Mr. Buck may have incurred harm while residing in Utah as a consequence of having his residence and place of business in this state, but this does not alone establish specific personal jurisdiction over Defendants. Mr. Buck alleges that Mr. Davis intended to have his "defamatory statements about the Plaintiff . . . be disseminated throughout the entire equine sport of dressage and any other equine venue from which people read *Dressage-News.com*."[42] Mr. Buck makes a similar allegation about Defendants Dr. Parra and Ms. Riley.[43] These allegations only strengthen the conclusion that specific jurisdiction would not lie in Utah because under *Shrader*, targeting a post at a "nation-wide or world-wide audience of [a particular community] with no inherent interest in or tie to [the forum state] . . . is an insufficient basis for exercising personal jurisdiction."[44] Because the Court finds minimum contacts insufficient to sustain

---

[42] Docket No. 5 ¶ 2.

[43] Docket No. 12 ¶ 2.

[44] *Shrader*, 633 F.3d at 1246.

11

personal jurisdiction, the Court will not analyze whether exercising jurisdiction will offend traditional notions of fair play and substantial justice. The Court will grant Defendants' Motions to Dismiss.

B. PLAINTIFF'S MOTIONS

Plaintiff has filed several motions in response to Defendants' Motions to Dismiss. Plaintiff has filed a Motion for a Hearing on Defendants' Motions to Dismiss.[45] The Court finds that a hearing will not be helpful in determining that the Court lacks jurisdiction and therefore will deny Plaintiff's Motion.

Plaintiff has also filed three Motions to Strike[46] Defendants' pleadings. The Court finds that the pleadings in this case cite applicable case law and contain nothing impermissible. The Court will deny Plaintiff's Motions to Strike.

Finally, Plaintiff has filed a Motion for a Default Judgment[47] against the Kiront Defendants. Plaintiff appears to argue that he is entitled to default judgment because the Kiront Defendants did not file an answer to Plaintiff's Complaint within the requisite time period. It is true that the Federal Rules of Civil Procedure set forth the timeline in which a defendant must serve an answer to a complaint.[48] However, these rules also allow a party to assert certain defenses by motion. One such defense is lack of personal jurisdiction, which "must be made

---

[45]Docket No. 42.

[46]Docket Nos. 31, 33, 34.

[47]Docket No. 30.

[48]Fed. R. Civ. P. 12(a)(1)(A)(i).

12

before pleading if a responsive pleading is allowed."[49] Because the Kiront Defendants timely filed a motion to dismiss for lack of personal jurisdiction, they need not file an answer to Plaintiff's complaint until the motion for lack of personal jurisdiction is decided. The Court will deny Plaintiff's Motion for a Default Judgment.

C. CROSS MOTIONS FOR SANCTIONS

Defendants Dr. Parra and Ms. Riley seek sanctions under Rule 11 of the Federal Rules of Civil Procedure alleging Mr. Buck's complaint is frivolous. Dr. Parra and Ms. Riley also seek relief pursuant to 28 U.S.C. § 1651(a). They would like the Court to declare Mr. Buck to be a vexation litigant against whom a prefiling order should be entered. In response Mr. Buck seeks Rule 11 sanctions against Defendants for filing frivolous responses to Plaintiff's complaint and for threatening to file a motion for sanctions under Rule 11.

Rule 11 requires the person who signs a court document—including a complaint—to certify that he believes on the basis of a reasonable inquiry that there is a reasonable basis in law and fact for the position and that the paper is not filed for an improper purpose.[50] Pro se parties must also comply with the provisions of Rule 11 or may be sanctioned.[51] Further, district courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation.[52] Federal courts can enjoin litigants who abuse the

---

[49]Fed. R. Civ. P. 12(b).

[50]Fed. R. Civ. P. 11.

[51]*Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

[52]*See* 28 USC § 1651(a).

13

court system by "imposing carefully tailored [filing] restrictions under the appropriate circumstances."[53]

Although Mr. Buck's complaint against Defendants was dismissed for lack of personal jurisdiction because the Defendants' statements published on a passive Internet site were insufficient minimum contacts to satisfy due process, it cannot be concluded that there was no reasonable basis for Plaintiff's attempts to argue that Defendants had minimum contacts with Utah. Mr. Buck made a colorable argument for jurisdiction and, while his argument for jurisdiction failed, the Court finds that sanctions under Rule 11 are not warranted. Moreover, the Court finds that this case is not the appropriate circumstance for imposing filing restrictions on Plaintiff. The Court is well aware of Plaintiff's filing history and takes this opportunity to make Plaintiff aware of the possible imposition of sanctions should Plaintiff continue to file lawsuits that either fail to state a claim or the exercise of personal jurisdiction is improper.

As for Plaintiff's Motion for Sanctions, it is without merit and borders on the vexatious. Additionally, Plaintiff failed to adhere to Rule 11's required safe harbor provision and so it will be summarily denied.

IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 4, 6, 8) are GRANTED. It is further

ORDERED that Plaintiff's Motions to Strike (Docket Nos. 31, 33, 34) are DENIED. It is further

---

[53]*Tripati*, 878 F.2d at 352.

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 30) is DENIED. It is further

ORDERED that Plaintiff's Motion for a hearing (Docket No. 42) is DENIED. It is further

ORDERED that Defendants Dr. Parra and Ms. Riley's Motion for Sanctions (Docket No. 28) is DENIED. It is further

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 32) is DENIED.

The Clerk of Court is directed to close this case forthwith.

DATED this 17th day of December, 2013.

BY THE COURT:

_____
Ted Stewart
United States District Judge